NATIONWIDE LIFE INSURANCE COMPANY v. KANTI C. OJHA

No. 8411SC363

(Filed 15 January 1985)

**Insurance §§ 12, 21— incontestability clause—policy date controlled**

 Defendant beneficiary of two life insurance policies could not invoke the incontestability clause of the policies, since the clause prohibited plaintiff from contesting the policies after "two years from the policy date"; the policies in question were dated 5 December 1980; insured died 2 December 1982; and the date of a conditional receipt issued upon completion of the application and payment of the first premium was thus not the date from which the period of contestability began.

APPEAL by defendant from *Bailey, Judge.* Summary judgment entered 8 November 1983 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 29 November 1984.

*Spence & Spence, by Robert A. Spence, Jr., for plaintiff appellee.*

*Albert A. Corbett, Jr., for defendant appellant.*

BECTON, Judge.

In this action by Nationwide Life Insurance Company (Nationwide) to have two of its life insurance policies declared null and void based upon the admitted misrepresentation by the insured of his health status, we conclude that the trial court properly determined that the policies were "contestable" and properly entered summary judgment for Nationwide.

*Facts*

On 19 November 1980, after Dr. Brij Ojha, the insured, signed an application for life insurance with Nationwide in the amount of one hundred thousand dollars, a conditional receipt was detached from the application and given to Dr. Ojha. The conditional receipt stated that "the insurance . . . becomes effective on the date of application or medical examination, if required, whichever is later, provided" the five conditions, which we summarize below, are met:

(1) Receipt of the first full premium;

(2) Receipt of the fully completed application;

(3) Receipt of all fully completed medical examinations and tests;

(4) Completion of all investigation by the company; and

(5) The company's approval of the policy and the risk.

Immediately following these conditions, the receipt states that "unless all required conditions are met, no insurance shall take effect until the policy is manually received and accepted."

That conditions 1 through 3 above were met is not disputed. Kanti Ojha, the wife of Dr. Ojha and beneficiary under the policy, contends that conditions 4 and 5 were also met. In her brief, she asserts that "[e]vidently, Nationwide Life Insurance Company made such investigation as it deemed proper, and was satisfied Dr. Ojha was insurable and subsequently issued the policy to him." Nationwide, on the other hand, contends that it conducted routine investigations between 24 November and 5 December 1980, and did not approve the application until 5 December 1980. It is undisputed that the policy is dated 5 December 1980.

Because Dr. Ojha died on December 2, 1982, defendant Kanti Ojha wants us to focus on the effective date of the policy. That is, if the effective date is prior to 2 December 1980, she is entitled to recover; if the effective date is after 2 December 1980, then she is not entitled to recover because the two-year incontestability clause in the policy would control. Nationwide, on the other hand, wants us to look at the actual date the policy was issued — the date the policy was approved, the date the risk was incurred, and the anniversary date of the policy.

*Analysis*

Historically, to protect against an applicant's arbitrary withdrawal of his or her offer while the insurance company extensively investigated the applicant's insurability, insurance companies began issuing conditional binding receipts to the applicant upon the payment of the first premium. These conditional binding receipts usually contained a provision that the insurance shall be considered as in force from the date of the receipt or the date of

the medical examination, provided the application is approved by the company. *See generally* Annot., 2 A.L.R. 2d 943, 946 (1948). With this historical backdrop, we must consider the effect of the conditional binding receipt on the period of time during which Nationwide may contest the validity of the policy under the policy's "incontestability clause." *See id.* at 1014.

"[T]he general rule seems to be that, *in the absence of a specific contrary provision*, the period of contestability begins, according to the provision in the receipt, at the date of the issuance of the binding receipt or the date of the medical examination." *Id.* (Emphasis added.) From this general rule comes the persuasive argument that a life insurance policy should become effective on the date risk commences, and not necessarily on the date which it bears, or the date of its execution, or the date of delivery, or even the date when the first premium is paid. *See Schwartz v. Northern Life Ins. Co.*, 25 F. 2d 555 (9th Cir. 1928), *cert. denied*, 278 U.S. 628, 73 L.Ed. 547, 49 S.Ct. 29 (1928).

In the case at bar, the contest period does not begin to run from the date of conditional receipt. Rather, the incontestability clause contains a "specific contrary provision" prohibiting Nationwide from contesting the policy after "two years from the policy date." Further, annual premiums were due on the anniversary of the policy date. Thus, in order to invoke the incontestability clause, defendant Kanti Ojha had to show that Dr. Ojha had lived for two years after the policy date. This she could not do since the policy was dated 5 December 1980 and Dr. Ojha died 2 December 1982.

Emphasizing that we are not addressing the issue whether, on other facts, Dr. Ojha should have been covered by the policy of insurance beginning with the initial premium paid, but are, rather, addressing whether the incontestability clause is governed by the conditional receipt, we find no triable issue of fact with regard to the effective date of the $100,000 policy issued by Nationwide. We, therefore, conclude that summary judgment for Nationwide was proper, as a matter of law, since the incontestability clause is governed by the policy date, 5 December 1980.

Defendant Kanti Ojha also challenges the trial court's failure to rule on her motions under Rules 59 and 60 of the North Carolina Rules of Civil Procedure. The record does not reflect that

defendant Kanti Ojha ever requested a hearing on her motions. More importantly, our holding that summary judgment was properly granted to Nationwide as a matter of law renders defendant's second argument moot.

Affirmed.

Judges ARNOLD and WELLS concur.